# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TAVIA MILBURN,<br><br> Plaintiff,<br><br>v.<br><br>PDD HOLDINGS, INC., a Cayman Islands corporation, WHALECO, INC., a Delaware corporation, and DOES 1-10,<br><br> Defendants. | Case No. 1:23-cv-04785<br><br>Hon. Lindsay C. Jenkins<br><br>JURY TRIAL DEMANDED |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT PDD HOLDINGS, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S CLAIM FOR STATUTORY DAMAGES AND ATTORNEYS' FEES**

## TABLE OF CONTENTS

|  |  | Page |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | FACTUAL BACKGROUND | 2 |
| III. | THE COURT SHOULD DISMISS THE CLAIMS AGAINST PDD PURSUANT TO FED. R. CIV. P. 12(b)(2) FOR LACK OF PERSONAL JURISDICTION | 3 |
|  | A. The Court Does Not Have General Personal Jurisdiction Over PDD | 5 |
|  | B. The Court Does Not Have Specific Personal Jurisdiction Over PDD | 6 |
| IV. | THE COURT SHOULD DISMISS PLAINTIFF'S PRAYER FOR STATUTORY DAMAGES AND ATTORNEYS' FEES PURSUANT TO FED. R. CIV. P. 12(b)(6) | 12 |
| V. | CONCLUSION | 14 |

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Alipourian-Frascogna v. Etihad Airways*,
   No. 21-cv-0001, 2022 WL 847559 (N.D. Ill. Mar. 22, 2022) ...................................................3

*BBL, Inc. v. City of Angola*,
   809 F.3d 317 (7th Cir. 2015) ..................................................................................................12

*Brandon Wade Licensing, LLC v. Terezowens.com, LLC*,
   No. 12-cv-9113, 2013 WL 1446356 (N.D. Ill. Apr. 9, 2013)....................................................4

*Budget Cinema, Inc. v. Watertower Associates*,
   81 F.3d 729 (7th Cir. 1996) ....................................................................................................13

*Burger King Corp. v. Rudzewicz*,
   471 U.S. 462 (1985)..................................................................................................................6

*Central States, S.E. & S.W. Areas Pension Fund v. Reimer Express World Corp.*,
   230 F.3d 934 (7th Cir. 2000) ..............................................................................................3, 11

*Daimler AG v. Bauman*,
   571 U.S. 117 (2014)...............................................................................................................5, 6

*Drake v. Ocwen Financial Corp.*,
   No. 09-C-6114, 2010 WL 1910337 (N.D. Ill. May 6, 2010)................................................3, 4

*Garner v. Bumble Inc.*,
   No. 3:21-cv-50457, 2023 WL 6065481 (N.D. Ill. Sep. 18, 2023)....................................5, 6, 8

*GCIU–Emp'r Ret. Fund v. Goldfarb Corp.*,
   565 F.3d 1018 (7th Cir. 2009) ..................................................................................................5

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
   564 U.S. 915 (2011)...............................................................................................................5, 6

*Healix Infusion Therapy, Inc. v. HHI Infusion Servs., Inc.*,
   No. 10 C 3772, 2011 WL 291063 (N.D. Ill. Jan. 27, 2011) ...................................................13

*IDS Life Ins. Co. v. SunAmerica Life Ins. Co.*,
   136 F.3d 537 (7th Cir. 1998) ..............................................................................................1, 12

*Int'l Shoe Co. v. Washington*,
   326 U.S. 310 (1945)........................................................................................................4, 5, 7

*Kinon Surface Design, Inc. v. Hyatt International Corp.*,
    2020 WL 7123068 (N.D. Ill. Dec. 4, 2020) ........................................................................... 7, 8

*Mobile Anesthesiologists Chi., LLC v. Anesthesia Assoc. of Hous. Metroplex, P.A.*,
    623 F.3d 440 (7th Cir. 2010) ............................................................................................ 4, 5, 6

*Mohammed v. Uber Technologies, Inc.*,
    237 F. Supp. 3d 719 (N.D. Ill. 2017) .............................................................................................9

*My Own Meals, Inc. v. PurFoods, LLC*,
    No. 22 C 0892, 2022 WL 2132729 (N.D. Ill. Jun. 14, 2022) ......................................................4

*Purdue Research Found. v. Sanofi-Synthelabo, S.A.*,
    338 F.3d 773 (7th Cir. 2003) ............................................................................................. passim

*Rains v. PPG Indus., Inc.*,
    359 F. Supp. 2d 720 (S.D. Ill. 2004) ............................................................................................7

*Sotelo v. DirectRevenue, LLC*,
    384 F. Supp. 2d 1219 (N.D. Ill. 2005) ............................................................................8, 11, 12

*Turnock v. Cope*,
    816 F.2d 332 (7th Cir. 1987) ........................................................................................................4

*UIRC-GSA Holdings Inc. v. William Blair & Co., L.L.C.*,
    No. 15-cv-9518, 2018 WL 11473349 (N.D. Ill. Apr. 3, 2018) ......................................2, 12, 13

*Weller v. Flynn*,
    312 F. Supp. 3d 706 (N.D. Ill. May 21, 2018) ............................................................................8

*Wilson v. Nouvag GmbH*,
    No. 15 Civ. 11700, 2018 WL 1565602 (N.D. Ill. Mar. 30, 2018) .........................................1, 9

**Statutes**

17 U.S.C. § 101 ....................................................................................................................................3

17 U.S.C. § 106 ....................................................................................................................................3

17 U.S.C. § 412 ........................................................................................................................2, 12, 13

17 U.S.C. § 501 ....................................................................................................................................3

17 U.S.C. § 512(c) .............................................................................................................................13

**Rules**

Fed. R. Civ. P. 12 ................................................................................................................................1

Fed. R. Civ. P. 12(b)(2)............................................................................................3, 5, 14

Fed. R. Civ. P. 12(b)(6).............................................................................................. *passim*

Fed. R. Civ. P. 12(c) ....................................................................................................12, 13

Defendant PDD Holdings, Inc. ("PDD"), pursuant to Federal Rule of Civil Procedure 12(b)(2), moves to dismiss the Complaint (Dkt. No. 1) of Plaintiff Tavia Milburn ("Plaintiff" or "Milburn") for lack of personal jurisdiction, and PDD and Defendant WhaleCo, Inc. ("WhaleCo") (collectively, "Defendants"), pursuant to Federal Rule of Civil Procedure 12(b)(6), move to dismiss Plaintiff's prayer for statutory damages and attorneys' fees.

I. INTRODUCTION

PDD is a holding company incorporated in the Cayman Islands with its principal executive office in Ireland—PDD is not subject to personal jurisdiction in this case and should be dismissed from the lawsuit. In the Complaint, Plaintiff admits that PDD (1) is not incorporated in Illinois; and (2) is not headquartered in Illinois. (Dkt. 1 ¶ 10.) Plaintiff alleges no other facts connecting PDD to Illinois so as to establish personal jurisdiction. Although Plaintiff does generically plead vague connections to Illinois with respect to "Temu" (*see* Dkt. 1 ¶ 19), which Plaintiff defines as both Defendants (Dkt. 1 at 1), these bare assertions are not enough to survive a motion to dismiss when Defendant PDD has no continuous and systematic contacts with Illinois, and PDD did not purposefully direct any activities at Illinois that resulted in Plaintiff's alleged harm. *Wilson v. Nouvag GmbH*, No. 15 Civ. 11700, 2018 WL 1565602, at *2 (N.D. Ill. Mar. 30, 2018) ("Factual assertions that amount only to 'vague generalizations or unsupported allegations,' are insufficient to support personal jurisdiction."). And the mere fact that WhaleCo is a subsidiary of PDD is insufficient to confer personal jurisdiction over PDD. *See IDS Life Ins. Co. v. SunAmerica Life Ins. Co.*, 136 F.3d 537, 540 (7th Cir. 1998) (affirming dismissal of parent entity for lack of personal jurisdiction, stating "Parents of wholly owned subsidiaries necessarily control, direct, and supervise the subsidiaries to some extent, but unless there is a basis for piercing the corporate veil and thus attributing the subsidiaries' torts to the parent, the parent is not liable for those torts"). The Complaint against PDD should be dismissed in its entirety.

The Court should also dismiss Plaintiff's prayer for statutory damages and attorneys' fees under Rule 12(b)(6). "Section 412 [of the Copyright Act] provides that 'no award of statutory damages or of attorney's fees, as provided by sections 504 and 505, shall be made for ... any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work." *UIRC-GSA Holdings Inc. v. William Blair & Co., L.L.C.*, No. 15-cv-9518, 2018 WL 11473349, at *2 (N.D. Ill. Apr. 3, 2018) (quoting 17 U.S.C. § 412). Here, the allegations in, and Exhibit A to, the Complaint, accepted as true for purposes of the Rule 12(b)(6) motion to dismiss, confirm that statutory damages and attorneys' fees are precluded by statute.

## II. FACTUAL BACKGROUND

PDD has no connection to Illinois that permits a finding of personal jurisdiction in this matter. PDD is a Cayman Islands corporation, with its principal executive office at First Floor, 25 St. Stephen's Green, Dublin 2, D02 XF99, Ireland. (Dkt. 1 ¶ 10; Decl. of Xiyao Di ("PDD Decl.") ¶ 3.) PDD has no offices or property in Illinois. (PDD Decl. ¶ 5.)

Nor has PDD conducted any business activity targeted at Illinois. PDD serves as a holding company of its subsidiaries; it does not itself conduct any substantial business. (PDD Decl. ¶ 4.) PDD does not operate the Temu platform, and does not operate any website in relation to the operation of the Temu platform. (PDD Decl. ¶¶ 7-8, 10.) In fact, PDD does not sell any products (and, thus, does not sell any products in Illinois). (PDD Decl. ¶ 6.) PDD does not specifically target any website or business toward Illinois. (PDD Decl. ¶ 9.)

Defendant WhaleCo, Inc. ("WhaleCo") is a Delaware corporation with a place of business at 31 St. James Avenue, Boston, Massachusetts 02116. (PDD Decl. ¶ 12.) WhaleCo is a subsidiary of PDD. (PDD Decl. ¶ 11.) WhaleCo operates the Temu platform in the United States. (PDD Decl. ¶ 13.)

Plaintiff alleges that she is an artist who created the Work and licensed it to Shein. Dkt. 1 ¶¶ 21-24. Plaintiff's claims allegedly arise from purported inclusion of the Work on products sold by a third-party storefront on the Temu platform. Dkt. 1 ¶¶ 31-34.

On July 24, 2023, Plaintiff filed her Complaint, alleging direct copyright infringement against all Defendants under 17 U.S.C. § 101, and contributory and vicarious copyright infringement against PDD under 17 U.S.C. §§ 106, 501. Dkt. 1 ¶¶ 43-75.

### III. THE COURT SHOULD DISMISS THE CLAIMS AGAINST PDD PURSUANT TO FED. R. CIV. P. 12(b)(2) FOR LACK OF PERSONAL JURISDICTION

Plaintiff's claims against PDD should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2) because Plaintiff has failed to establish that PDD is subject to personal jurisdiction.

A complaint is not required to "include facts alleging personal jurisdiction." *Alipourian-Frascogna v. Etihad Airways*, No. 21-cv-0001, 2022 WL 847559, at *2 (N.D. Ill. Mar. 22, 2022) (internal quotations omitted). But "[o]nce the defendant moves to dismiss the complaint for lack of personal jurisdiction, [] the plaintiff bears the burden of demonstrating the existence of jurisdiction." *Id.* (citing *Central States, S.E. & S.W. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 939 (7th Cir. 2000)) (other citation omitted) (dismissing complaint for lack of personal jurisdiction); *see also Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003); *Drake v. Ocwen Financial Corp.*, No. 09-C-6114, 2010 WL 1910337, at *2 (N.D. Ill. May 6, 2010) (A "[p]laintiff has the burden of establishing a prima facie case of personal jurisdiction."). "When determining whether the plaintiff has met the burden of establishing a *prima facie* case of [personal] jurisdiction, this Court must take jurisdictional allegations in the Complaint as true, **unless controverted by the defendant**." *Drake*, 2010 WL 1910337, at *2 (emphasis added). When making this assessment, the "court can look to affidavits

and exhibits submitted by each party." *Id.* (citing *Turnock v. Cope*, 816 F.2d 332, 333 (7th Cir. 1987)).

Plaintiff's Counts in the Complaint arise under the Copyright Act, which does not provide for nationwide service of process. *See Brandon Wade Licensing, LLC v. Terezowens.com, LLC*, No. 12-cv-9113, 2013 WL 1446356, at *2 (N.D. Ill. Apr. 9, 2013) ("The Copyright Act does not authorize nationwide service of process, therefore, a defendant may challenge a federal court's personal jurisdiction over him."). In such circumstances, a court may exercise personal jurisdiction over a defendant only if it is permitted under the United States Constitution and Illinois law. *Id*. As the Seventh Circuit has noted, Illinois law allows courts to exercise personal jurisdiction to the same extent permitted by the Fourteenth Amendment to the United States Constitution, so "the state statutory and federal constitutional requirements merge." *Id.*; *see also Mobile Anesthesiologists Chi., LLC v. Anesthesia Assoc. of Hous. Metroplex, P.A.*, 623 F.3d 440, 443 (7th Cir. 2010) (affirming dismissal for lack of personal jurisdiction, and explaining "Illinois's long-arm statute permits the exercise of personal jurisdiction if it would be allowed under either the Illinois Constitution or the United States Constitution…. We have held that there is no operative difference between these two constitutional limits.").

Under these standards, a court may exercise personal jurisdiction over a non-resident defendant only where the defendant has sufficient minimum contacts with the forum, such that requiring the defendant to litigate in the forum state "does not offend traditional notions of fair play and substantial justice." *My Own Meals, Inc. v. PurFoods, LLC*, No. 22 C 0892, 2022 WL 2132729, at *2 (N.D. Ill. Jun. 14, 2022) (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (citation omitted)). Moreover, a plaintiff must establish the threshold minimum contacts for *each defendant*; one defendant's contacts may not be imputed to other defendants. *See Purdue*

*Research Found.*, 338 F.3d at 784 (stating that "each defendant's contacts with the forum state [must] be assessed individually").

"Personal jurisdiction can be general or specific, depending on the extent of the defendant's contacts." *Mobile Anesthesiologists Chi.*, 623 F.3d at 444. Here, Plaintiff does not allege whether she is asserting personal jurisdiction over PDD on the basis of general or specific jurisdiction but insinuates that all Defendants are subject to both types of jurisdiction. Plaintiff's claim of jurisdiction as to PDD fails under both tests, because, as discussed below, Plaintiff has not alleged any facts to establish that (1) PDD is "at home" in Illinois or has such continuous and systematic contacts with Illinois as to warrant bringing suit against PDD in Illinois (general); or (2) PDD has purposefully availed itself of the benefits of doing business in Illinois and Plaintiff's alleged injuries arose out of such contacts, such that PDD should reasonably anticipate being haled into court in Illinois (specific). Plaintiff's claim against PDD should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2). *See Garner v. Bumble Inc.*, No. 3:21-cv-50457, 2023 WL 6065481, at *9 (N.D. Ill. Sep. 18, 2023) (dismissing Complaint against Defendants for lack of personal jurisdiction).

### A.   The Court Does Not Have General Personal Jurisdiction Over PDD

The Complaint alleges no facts that could establish general personal jurisdiction over PDD. "General jurisdiction is for suits neither arising out of nor related to the defendant's contacts with the State, and is permitted only where the defendant conducts continuous and systematic general business within the forum state." *GCIU–Emp'r Ret. Fund v. Goldfarb Corp.*, 565 F.3d 1018, 1023 (7th Cir. 2009). General jurisdiction arises where a defendant's contacts with Illinois are "so 'continuous and systematic' as to render [the defendants] essentially at home in the forum." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 921 (2011) (quoting *Int'l Shoe*, 326 U.S. at 317); *see also Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014) (applying

5

*Goodyear* to hold that foreign defendant was not "at home" in California and therefore not subject to general jurisdiction there). When the defendant is a corporation, general personal jurisdiction is typically found where the defendant is incorporated or has its principal offices. *See Daimler AG*, 571 U.S. at 137 (noting that "[w]ith respect to a corporation, the place of incorporation and principal place of business are 'paradig[m] … bases for general jurisdiction,'" and rejecting argument that general jurisdiction exists "in every State in which a corporation 'engages in a substantial, continuous, and systematic course of business'"). Because "general jurisdiction allows a defendant to be sued in the forum regardless of the subject matter of the litigation," the threshold level of contacts the defendant must have is very high. *Purdue Research Found.*, 338 F.3d at 787.

Here, Plaintiff offers no facts to support the notion that PDD is "at home" in Illinois or has the substantial, continuous, and systemic contacts required to support a finding of general personal jurisdiction. In fact, Plaintiff admits that PDD is a "Cayman Islands corporation" (Dkt. 1 ¶ 10), and that PDD's principal executive office is located in Dublin, Ireland (*id*.). (*See also* PDD Decl. ¶ 3.) Nor could Plaintiff make allegations supporting general personal jurisdiction. PDD has no offices or property in Illinois. (PDD Decl. ¶ 5.) And PDD does not specifically target any website or business toward Illinois. (PDD Decl. ¶¶ 6, 9.) Accordingly, Plaintiff has failed to satisfy her burden of establishing that this Court has general personal jurisdiction over PDD. *Garner,* 2023 WL 6065481, at *5 (finding no general jurisdiction in Illinois where Defendants were incorporated in Delaware and their principal place of business was in Texas).

B.     **The Court Does Not Have Specific Personal Jurisdiction Over PDD**

Plaintiff also cannot plead any facts to establish specific personal jurisdiction. Specific jurisdiction arises only where "the defendant purposefully directs its activities at the forum state and the alleged injury arises out of those activities." *Mobile Anesthesiologists Chi.*, 623 F.3d at 444; *accord Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472–73 (1985) (To establish specific

jurisdiction, the defendant must have "purposefully directed his activities at residents of the forum," and "the litigation [must] result[] from alleged injuries that 'arise out of or relate to' those activities.") (citation omitted). As noted above, the plaintiff must show that each defendant's *individual* contacts with the forum are sufficient to meet this test. *See Purdue Research Found.*, 338 F.3d at 784; *Rains v. PPG Indus., Inc.*, 359 F. Supp. 2d 720, 724 (S.D. Ill. 2004) ("Rains' submissions to the Court establish, at most, that companies affiliated with Imperial do business in Illinois. Yet this is not enough for Rains to make a prima facie case for personal jurisdiction."). While the type of activity giving rise to specific jurisdiction can take different forms, the Supreme Court has made clear that the contacts must be sufficient to render it fair and "reasonable" to call the defendant into the state's courts to answer the plaintiff's claims. *Int'l Shoe*, 326 U.S. at 317.

Here, Plaintiff has not pled any facts to establish specific jurisdiction over PDD. The Complaint contains statements alleging that PDD has "worked with" (the wording of which is unclear and ambiguous in nature) WhaleCo in connection with operating the Temu platform generally (*e.g.*, Dkt. 1 ¶¶ 56-57, 60-61, 65-66, 68, 73), but does not include any allegation of Illinois-directed conduct by PDD that gave rise to any alleged harm suffered by Plaintiff. Moreover, Plaintiff's allegations are incorrect and controverted by a sworn declaration. PDD does not operate the Temu platform, and PDD does not operate any website in relation to the operation of the Temu platform. (PDD Decl. ¶¶ 7-8, 10.) Nor does PDD specifically target any website or business toward Illinois. (PDD Decl. ¶¶ 6, 9.) Plaintiff has not and cannot plead any facts to show that PDD operates or controls the Temu platform in the United States. And even if PDD did operate the Temu platform (it does not), mere operation of a website accessible to Illinois residents is not enough for personal jurisdiction. *Kinon Surface Design, Inc. v. Hyatt International Corp.*, 2020 WL 7123068, at *5-6 (N.D. Ill. Dec. 4, 2020) (dismissing copyright claims against foreign

corporations for lack of personal jurisdiction, holding the fact that "customers might access the website in the forum state is not enough to establish jurisdiction"). It is unreasonable for PDD to foresee the possibility of being haled into court in Illinois, and PDD has not engaged in any conduct in Illinois that Plaintiff's Complaint alleges caused harm to Plaintiff.

PDD is merely a holding company that does not itself conduct any substantial business. (PDD Decl. ¶ 4.) "As a holding company with no business in Illinois, [PDD] has not purposefully availed itself of Illinois and is not subject to specific jurisdiction in this Court." *Garner*, 2023 WL 6065481, at *6 (citing *Sotelo v. DirectRevenue, LLC*, 384 F. Supp. 2d 1219, 1226 (N.D. Ill. 2005)). And Plaintiff may not point to activity allegedly committed by co-defendants to establish personal jurisdiction over PDD. *See, e.g.*, *Weller v. Flynn*, 312 F. Supp. 3d 706, 717 (N.D. Ill. May 21, 2018) (finding "Plaintiff's general allegation that **all Defendants** caused some injury in Illinois and/or targeted Illinois" insufficient to establish specific jurisdiction (emphasis added)); *see also Kinon*, 2020 WL 7123068, at *5 ("That other Hyatt entities are based in Illinois does not indicate that HOC and HIHM directed their activities to Illinois.").

Plaintiff makes bald allegations that the Court has personal jurisdiction over both Defendants collectively, but pleads no facts to support these allegations:

> 19. This Court has personal jurisdiction over Temu [defined as PDD and co-Defendant WhaleCo, Inc., collectively] because, among other reasons, (i) Temu offers for sale and sells its products to consumers in Illinois, through the Temu.com website and mobile app; (ii) Temu purposely directs its business activities toward Illinois residents, through the Temu.com website and mobile application, as well as through social media; (iii) Temu derives substantial revenue from its services in Illinois; (iv) Ms. Milburn's claims, as set forth below, arise from acts conducted and harm sustained in Illinois; (v) Temu conducts continuous and systematic business within Illinois, which played an integral part in the infringement of Ms. Milburn's rights and which were directed at residents in this judicial district; and (vi) Temu is committing acts that have wrongfully caused Ms. Milburn harm in Illinois.

(Dkt. 1 ¶ 19.) A bald allegation is insufficient to survive a motion to dismiss for lack of personal jurisdiction, especially when, as here, the Defendant comes forward with a sworn declaration establishing that none of the bald allegations are correct. *Wilson*, 2018 WL 1565602, at *2; *Mohammed v. Uber Technologies, Inc.*, 237 F. Supp. 3d 719, 734-35 (N.D. Ill. 2017) (finding unsupported allegations that defendant established contact with Illinois through "telephone, email, facsimile, or email transmission…published advertisements" and that defendant was "the mastermind behind the launch of Uber in Chicago" insufficient to "controvert [defendant]'s sworn affidavit" and establish personal jurisdiction). Here, each of Plaintiff's unsupported allegations is wrong and controverted by a sworn declaration:

| **Complaint Allegation (Dkt. 1 ¶ 19)** | **PDD Declaration** |
|---|---|
| (i) Temu offers for sale and sells its products to consumers in Illinois, through the Temu.com website and mobile app; | "PDD does not sell any products, and thus does not sell any products in Illinois." (PDD Decl. ¶ 6.) <br><br> "PDD does not operate the Temu platform." (PDD Decl. ¶ 10.) <br><br> "PDD does not operate any website in relation to the operation of the Temu platform." (PDD Decl. ¶ 8.) |
| (ii) Temu purposely directs its business activities toward Illinois residents, through the Temu.com website and mobile application, as well as through social media; | "PDD does not specifically target any website or business toward Illinois." (PDD Decl. ¶ 9.) <br><br> "PDD does not operate any social media accounts in relation to the operation of Temu platform." (PDD Decl. ¶ 7.) <br><br> "PDD does not operate the Temu platform." (PDD Decl. ¶ 10.) |
| (iii) Temu derives substantial revenue from its services in Illinois; | "PDD does not sell any products, and thus does not sell any products in Illinois." (PDD Decl. ¶ 6.) <br><br> "PDD does not specifically target any website or business toward Illinois." (PDD Decl. ¶ 9.) |

| | "PDD does not operate the Temu platform." (PDD Decl. ¶ 10.) |
|---|---|
| (iv) Ms. Milburn's claims, as set forth below, arise from acts conducted and harm sustained in Illinois; | "PDD does not sell any products, and thus does not sell any products in Illinois." (PDD Decl. ¶ 6.) "PDD does not specifically target any website or business toward Illinois." (PDD Decl. ¶ 9.) "PDD does not operate the Temu platform." (PDD Decl. ¶ 10.) |
| (v) Temu conducts continuous and systematic business within Illinois, which played an integral part in the infringement of Ms. Milburn's rights and which were directed at residents in this judicial district; and | "PDD has no offices or property in Illinois." (PDD Decl. ¶ 5.) "PDD does not sell any products, and thus does not sell any products in Illinois." (PDD Decl. ¶ 6.) "PDD does not specifically target any website or business toward Illinois." (PDD Decl. ¶ 9.) "PDD does not operate the Temu platform." (PDD Decl. ¶ 10.) |
| (vi) Temu is committing acts that have wrongfully caused Ms. Milburn harm in Illinois. | "PDD has no offices or property in Illinois." (PDD Decl. ¶ 5.) "PDD does not sell any products, and thus does not sell any products in Illinois." (PDD Decl. ¶ 6.) "PDD does not specifically target any website or business toward Illinois." (PDD Decl. ¶ 9.) "PDD does not operate the Temu platform." (PDD Decl. ¶ 10.) |

Notably, Plaintiff does not even allege that PDD had interactions with Plaintiff, much less interactions in Illinois. Quite the opposite; Plaintiff's Complaint alleges that the Defendants "had access to Ms. Milburn's Work because the Work was licensed to Shein through the SHEIN X program," not by virtue of any interaction with Plaintiff, and certainly not based on any interaction in or in any way connected with Illinois. (Dkt. 1 ¶ 36.) In fact, it is not even clear that Plaintiff has any contacts with or has ever been to Illinois. The Complaint alleges that Plaintiff "is an

individual who is a citizen of the United States." (Dkt. 1 ¶ 9.) And the Complaint fails to allege any facts asserting a specific harm that resulted to Plaintiff in Illinois. (*See generally* Dkt. 1.) The Complaint leaves unanswered the questions of why Plaintiff filed suit in Illinois, and why Plaintiff believes PDD can be haled to Court in Illinois. Perhaps it is because Plaintiff's counsel, Jayaram Law, has an office in Chicago. *See* https://jayaramlaw.com/contact-us/. But that is certainly not enough to justify suit against PDD in this Court.

Finally, to the extent Plaintiff argues that personal jurisdiction should be attributable to PDD by virtue of the fact that WhaleCo is a subsidiary of PDD, that argument fails as a matter of law. "As a general rule, 'the jurisdictional contacts of a subsidiary corporation are not imputed to the parent.'" *Sotelo*, 384 F. Supp. 2d at 1226 (quoting *Purdue Res.*, 338 F.3d at 787 n.17; citing *Central States, Southeast & Southwest Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 943 (7th Cir. 2000) ("[W]e hold that constitutional due process requires that personal jurisdiction cannot be premised on corporate affiliation or stock ownership alone where corporate formalities are substantially observed and the parent does not exercise an unusually high degree of control over the subsidiary.")).[1] Plaintiff has not alleged any facts establishing that PDD and WhaleCo do not observe corporate formalities, or that PDD exercises "an unusually high degree of control over the subsidiary." And it cannot do so. "PDD does not operate the Temu platform," "PDD does not operate any website in relation to the operation of the Temu platform," and "PDD serves as a holding company of its subsidiaries [and] does not itself conduct any substantial

---

[1] Indeed, even where a corporate parent provides some administrative services for its subsidiary in the ordinary course of business, that does not call into question the separateness of the two entities for purposes of personal jurisdiction. *Id.* at 945 ("We adopt the rule that a corporate parent may provide administrative services for its subsidiary in the ordinary course of business without calling into question the separateness of the two entities for purposes of personal jurisdiction.").

business." (PDD Decl. ¶¶ 4, 8, 10.) Plaintiff does contend that "WhaleCo is and holds itself out to consumers as an agent of PDD in the United States and Illinois when providing services through Temu." (Dkt. 1 ¶ 13.) Plaintiff has not identified any actual example of this alleged "hold[ing] out," and certainly has not shown that PDD exercises "an unusually high degree of control" over WhaleCo or that it would be appropriate to pierce the corporate veil here. *IDS*, 136 F.3d at 540. PDD is a holding company; WhaleCo is its subsidiary. (PDD Decl. ¶¶ 4, 11.) That is it. And that is not enough. *Sotelo*, 384 F. Supp. 2d at 1226.

Accordingly, Plaintiff has failed to meet her burden of establishing specific personal jurisdiction over Defendant PDD.

## IV. THE COURT SHOULD DISMISS PLAINTIFF'S PRAYER FOR STATUTORY DAMAGES AND ATTORNEYS' FEES PURSUANT TO FED. R. CIV. P. 12(b)(6)

Plaintiff's Complaint seeks an award of statutory damages and attorneys' fees for the alleged copyright infringement. (Dkt. 1 at 13, Prayer For Relief ¶ 4.) However, Plaintiff's Complaint itself confirms that 17 U.S.C. § 412 bars Plaintiff's claim, such that Plaintiff fails to state a claim that would permit recovery of statutory damages and attorneys' fees.

"To encourage prompt registration of copyrights, Congress enacted Section 412 of the Copyright Act…. Section 412 provides that 'no award of statutory damages or of attorney's fees, as provided by sections 504 and 505, shall be made for … any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work." *UIRC-GSA*, 2018 WL 11473349, at *2 (quoting 17 U.S.C. § 412).[2] Plaintiff's Complaint,

---

[2] The *UIRC* Court granted a Motion pursuant to Federal Rule of Civil Procedure 12(c) for Judgment on the Pleadings and concluded Plaintiff was not entitled to statutory damages or attorneys' fees. *UIRC*, 2018 WL 11473349, at *2-3. "A motion for judgment on the pleadings under Rule 12(c) … is governed by the same standards as a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *Id.* at *1 (quoting *BBL, Inc. v. City of Angola*, 809 F.3d

even accepting all allegations as true, confirms Plaintiff cannot recover statutory damages and attorneys' fees.

The asserted copyright was first published on February 9, 2022, but was not registered until April 3, 2023—over a year later. (Dkt. 1, Ex. A.) Plaintiff's Complaint likewise concedes that the alleged infringement began, at minimum, five days **before** the Copyright was registered: "On or about March 29, 2023, a DMCA takedown notice regarding the Work and the Infringing Products was sent pursuant to 17 U.S.C. § 512(c) to the registered DMCA agent for Temu." (*Id.* ¶ 37.)

Because Plaintiff did not obtain a registration for the work at issue within three months of first publication, and because the Complaint pleads that Defendants' alleged infringement commenced on or before March 29, 2023, which is after the February 9, 2022 publication of the Work but before the April 3, 2023 registration, Plaintiff's claims for statutory damages and attorneys' fees under the Copyright Act should be dismissed. 17 U.S.C. § 412; *see also Budget Cinema, Inc. v. Watertower Associates*, 81 F.3d 729, 733 (7th Cir. 1996) (finding complaint to be "objectively unreasonable" and holding plaintiff "was not entitled to statutory damages or attorney's fees because the alleged infringement commenced before the effective date of [plaintiff]'s copyright registration" and "[t]he Copyright Act does not permit the recovery of statutory damages and attorney's fees in such situations"); *UIRC-GSA*, 2018 WL 11473349, at *2 (granting judgment on the pleadings because "Applying those facts to Section 412 yields a straightforward result: Blair and Kalt's alleged infringement 'commenced after first publication of the work[s] and before the effective date of [their] registration,' and therefore, UIRC cannot collect statutory damages or attorney's fees"); *Healix Infusion Therapy, Inc. v. HHI Infusion Servs., Inc.*,

---

317, 325 (7th Cir. 2015)). Whether the present motion is construed as a motion to dismiss under Rule 12(b)(6) or a motion for judgment on the pleadings under Rule 12(c), Plaintiff's claims for statutory damages and attorneys' fees should be disposed of on the pleadings.

13

No. 10 C 3772, 2011 WL 291063, at *2-3 (N.D. Ill. Jan. 27, 2011) (granting Rule 12(b)(6) motion and holding "Plaintiff's claims for statutory damages and attorneys' fees in Counts I and II are dismissed" where Plaintiff's "copyright registration shows that the claimed copyrighted material was published on February 17, 2004," the copyright was registered "over five years later, on August 23, 2009," and the alleged infringement "began on February 23, 2009," *i.e.*, before the date of registration).

## V. CONCLUSION

For the foregoing reasons, PDD respectfully requests that the Court grant its motion to dismiss Plaintiff's Complaint against Defendant PDD Holdings, Inc. pursuant to Federal Rule of Civil Procedure 12(b)(2), and Defendants respectfully request that the Court dismiss Plaintiff's claim for statutory damages and attorneys' fees pursuant to Federal Rule of Civil Procedure 12(b)(6).

Dated: September 25, 2023

/s/ *Garret A. Leach*
Garret A. Leach (#6237520)
Brian A. Verbus (#6314193)
Sarah M. Craig (#6326757)
Xaviere N. Giroud (#6334400)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000
garret.leach@kirkland.com
brian.verbus@kirkland.com
sarah.craig@kirkland.com
xaviere.giroud@kirkland.com

*Attorneys for Defendants*