**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| TAVIA MILBURN,<br><br>Plaintiff,<br><br>v.<br><br>PDD HOLDINGS, INC., a Cayman Islands Corporation, WHALECO, INC., a Delaware Corporation, and DOES 1-10,<br><br>Defendants. | Case No. 1:23-cv-04785<br><br>Hon. Sharon Johnson Coleman<br><br>JURY TRIAL DEMANDED |

**WHALECO, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO FILE DOCUMENTS UNDER SEAL**

Pursuant to N.D. Ill L.R. 5.8 and 26.2, Defendant Whaleco, Inc. ("**Whaleco**"), by and through its undersigned counsel, respectfully submits this Memorandum of Law in support of its Motion for Leave to File Documents Under Seal. In support of its motion, Whaleco states as follows:

1. On December 4, 2023, Whaleco filed a Motion for Summary Judgment, Memorandum of Law, Statement of Undisputed Material Facts, and two supporting declarations.

2. As Exhibits 1 and 2 to the Declaration of Jinhao Yu, Whaleco provisionally filed two documents under seal in accordance with L.R. 26.2: (i) the Temu Platform Seller Service Agreement ("**SSA**") and (ii) the Notice for Using the Materials Editing Tools. Whaleco now files contemporaneously this Memorandum of Law in Support of its Motion to File Documents Under Seal.

3. As explained below, there is good cause to file the SSA under seal because it contains confidential and commercially sensitive information concerning Temu's seller relationships and contract terms. Similarly, there is good cause to file the Notice for Using the

Materials Editing Tools, as this agreement includes information about Temu's proprietary source material editing tools and processes.

## ARGUMENT

The Court has "broad discretion" to decide whether "a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984) (citing Fed. R. Civ. P. 26(c)). The Court may enter an order that requires "a trade secret or confidential research, development, or commercial information not be revealed" upon a showing of "good cause." Fed. R. Civ. P. 26(c)(1)(G). Courts may seal documents "meet[ing] the definition of trade secret or other categories of bona fide long-term confidentiality." *Baxter Int'l Inc. v. Abbott Labs*., 297 F.3d 544, 546 (7th Cir. 2002).

Similarly, the Court may seal documents reflecting the confidential terms of a party's commercial agreements. *See, e.g., SmithKline Beecham Corp. v. Pentech Pharmaceuticals, Inc*., 261 F. Supp. 2d 1002, 1008 (N.D. Ill. 2003) (sealing a document because "it contain[ed] information about terms and conditions of the distributorship arrangement that the licensing agreement creates that might give other firms an unearned competitive advantage—unearned because the issue of public disclosure arises from the adventitious circumstance of the agreement's having become caught up in litigation and as a result having become filed in court"); *F.T.C. v. OSF Healthcare Sys*., No. 11-cv-50344, 2012 WL 1144620, at *3 (N.D. Ill. Apr. 5, 2012) ("The court has reviewed [the exhibits] and is satisfied that they contain Humana's pricing information, contract terms, and negotiation strategies, which qualify as confidential commercial information and trade secrets based on the rationale and case law cited in § III.A of this order.")

Here, the SSA includes precisely the type of confidential commercial information in which the "privacy interests of the litigants predominate" and warrant protection. *Baxter,* 297 F.3d at545-46 (7th Cir. 2002). In particular, the SSA is a confidential agreement that sellers execute as a

condition to using the Temu platform. The SSA contains confidential commercial information regarding Temu's platform, the way in which Temu manages affiliate relationships, and contract terms with its sellers. Whaleco takes great care to maintain the confidentiality of this non-public commercial information. Indeed, sellers are subject to confidentiality agreements and prohibited from disclosing information in the SSA or other valuable information. To reveal the highly sensitive information to the public and, thus, competitors—would cause considerable financial harm to Whaleco and compromise its competitive advantage in the marketplace. *See Jeffords v. BP Prods. N. Am.*, No. 2:15-cv-55, 2018 U.S. Dist. LEXIS 11291, at *5-6 (N.D. Ind. Jan. 24, 2018) (finding terms of an agreement to be trade secrets where disclosure "would undermine the [moving parties'] competitive positions in the marketplace"). Accordingly, there is good cause to file the SSA under seal.

Likewise, there is good cause to file the Notice for Using the Materials Editing Tools under seal. Temu restricts access to this non-public document because it contains information about Temu's commercially valuable and proprietary information about its platform and operations.

**CONCLUSION**

WHEREFORE, for the foregoing reasons, Whaleco respectfully requests that the Court grant leave to file the SSA and the Notice for Using the Materials Editing Tools under seal.

[*Signature Block Appears on the Following Page*]

Dated: December 5, 2023

Respectfully submitted,

By: */s/ Thomas M. Cull*

Thomas M. Cull (Illinois Bar No. 6331606)
WHITE & CASE LLP
111 S. Wacker Dr., Suite 5100
Chicago, IL 60606
(773) 330 9427
Thomas.Cull@whitecase.com

Anna Naydonov (*pro hac vice* pending)
WHITE & CASE LLP
701 Thirteenth Street, NW
Washington, DC 20005
(202)-626-3600
Anna.Naydonov@whitecase.com

*Counsel for Defendant Whaleco, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned attorney of record certifies that he caused a true and correct copy of the foregoing, Defendant WhaleCo Inc.'s Motion for Leave to File Documents Under Seal to be filed electronically on December 5, 2023. Notice and a copy of this filing will be served upon all counsel of record by operation of the Court's CM/ECF electronic filing system.

*/s/ Thomas Cull*