UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TAVIA MILBURN,<br><br>Plaintiff,<br><br>v.<br><br>PDD HOLDINGS, INC., a Cayman Islands corporation, WHALECO, INC., a Delaware corporation, and DOES 1-10,<br><br>Defendants. | Case No. 1:23-cv-04785<br><br>Hon. Sharon Johnson Coleman |

**PLAINTIFF TAVIA MILBURN'S MEMORANDUM OF LAW IN OPPOSITION OF DEFENDANTS' MOTION TO STAY DISCOVERY**

Plaintiff Tavia Milburn ("Plaintiff" or "Ms. Milburn") hereby opposes Defendants PDD Holdings, Inc. ("PDD") and Whaleco, Inc.'s ("Whaleco") (collectively "Defendants") Motion to Stay Discovery ("Motion", ECF No. 52). Plaintiff states as follows:

## I. INTRODUCTION

Defendants' strategy is clear: Defendants seek to obstruct Plaintiff's investigative efforts and right to conduct discovery, in an effort to persuade the Court to decide Plaintiff's claims based solely on a handful of cherry-picked documents. As part of this strategy, Defendants seek to prevent any discovery on the merits[1]. Defendants assert that their pending dispositive motions will be granted and thus no discovery is "necessary." This improperly calls for the Court to make a preliminary finding on the merits of this matter.

Defendants also improperly attempt to paint this litigation as a dispute between Temu and a third party, Shein. This is a red herring meant to distract from true issues in this case: Defendants'

[1] Plaintiff hereby incorporates the arguments made in their Motion to Take Discovery Necessary to Respond to Defendant Whaleco's Motion for Summary Judgment [ECF No. 74] as if fully set forth herein.

copyright infringement. This case does not concern any pending lawsuits between the two companies. Rather, it is about the Plaintiff, Tavia Milburn, an independent, working artist who makesliving from selling and licensingart. Defendants operate a website called Temu that markets, promotes, distributes, and financially benefits from the sale of infringing products, including clothing that infringes upon Plaintiff's copyrights. In the absence of a legitimate defense to their copyright infringement inflicted against Plaintiff, Defendants have attempted to paint this action as something it is not.

Further, despite their best efforts to minimize their involvement, Defendants have revealed that they provide more than just a neutral platform that allows third-party sellers to sell clothing that infringes upon third-party intellectual property rights. Rather, Whaleco admits that it provides sellers with the tools to edit and upload product listings with infringing images. It also admits that it reviews listings for potential violations of law, including intellectual property violations. Most tellingly, Whaleco reveals that as soon as sellers create a product listing, the items are sent to and stored by affiliates of Whaleco in order to be distributed to consumers. In other words, at the very least Whaleco (and possibly also PDD) has control and financial involvement in Temu's operations that goes far beyond that of a mere online service provider.

Defendant's Motion is merely an attempt to prohibit Plaintiff from properly investigatingherclaims and Defendants' defenses. Thus, the Motion should be denied.

## II. BACKGROUND

On September 19, 2023, the parties jointly submitted their Joint Initial Status Report [ECF No. 23]. The Parties agreed upon the following discovery schedule:

a. The parties would exchange initial disclosures by October 24, 2023;

b. The parties would exchange a first set of interrogatories and requests for production be served no later than 30 days after entry of a scheduling order;

c. All fact discovery will be completed by March 29, 2024;

d. The parties will designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before April 29, 2024;

e. The parties will designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before May 29, 2024;

f. All expert discovery be completed by June 29, 2024; and,

g. All dispositive and Daubert motions would be filed on or before July 31, 2024.

[ECF No. 23].

In furtherance of the agreed upon discovery schedule, the Parties have conducted the following discovery:

a. On September 29, 2023, Whaleco served its First Set of Interrogatories, First Set of Requests for Admissions, and First Set of Requests for Production on Plaintiff (*see* ECF No. 60-1, Exhibit A, Declaration of Elizabeth Austermuehle in Support of Plaintiff Tavia Milburn's Rule 56(d) Motion to Take Discovery Necessary to Respond to Defendant Whaleco, Inc's Motion for Summary Judgment ("Austermuehle Decl."), ¶ 3(a));[2]

b. On October 26, 2023, Plaintiff served her First Set of Requests for Production to Whaleco and PDD andherFirst Set of Interrogatories to Whaleco and PDD (*Id,* ¶ 3(b)).

c. On October 30, 2023, Plaintiff served her Objections and Responses to Whaleco's First Set of Requests for Production, Requests for Admission, and Interrogatories (*Id,* ¶ 3(c));

[2] PDD has not issued any written discovery to Plaintiff.

d. On November 1, 2023, Plaintiffs and Whaleco served their Initial Disclosures[3] (*Id,* ¶ 3(d)); and

e. On December 4, 2023, PDD and Whaleco respectively served their Objections and Responses to each Plaintiff's First Set of Interrogatories and First Set of Requests for Production (*Id,* ¶ 3(e)).

To date, the parties have not exchanged documents. Further, the parties have not yet taken any depositions. *Id.,* ¶ 9.

On December 4, 2023, Whaleco filed its Motion for Summary Judgment (the "MSJ"). [ECF No. 41]. The MSJ was noticed for presentment before Judge Coleman on January 9, 2024. [ECF No. 47]. No briefing schedule has been set. To properly respond to the MSJ, Plaintiff needs additional discovery:

a. On December 12, 2023, Plaintiff served deposition notices for Jinhao Yu, Zhu Ji, PDD, and Whaleco (*see* ECF No. 60-1, Exhibit A, Austermuehle Decl., ¶ 10(a));

b. On December 13, 2023, Plaintiff served her Second Set of Requests for Production to Whaleco and PDD and her Second Set of Interrogatories to Whaleco and PDD (*Id.,* ¶ 10(b)); and,

c. On December 13, 2023, Plaintiff issued correspondence regarding the deficiencies in Defendants' responses to Plaintiff's First Set of Interrogatories and First Set of Requests for Production (*Id.,* ¶ 10(c)).

Defendants have thus far refused to engage in any discovery in good faith, and on December 20, 2023, Defendants filed their Motion to Stay. [ECF No. 52].

## III. LEGAL STANDARD

[3] PDD has not served Initial Disclosures to date.

"In accordance with Federal Rule of Civil Procedure 26(c), a court may, for good cause, limit the scope of discovery or control its sequence to 'protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" *Stigall v. Walgreen Co.*, No. 20 CV 50288, 2021 WL 2453069 (N.D. Ill. June 16, 2021) (quoting Fed. R. Civ. P. 26(c)(1)). That discretion includes the "authority to stay discovery," but such authority "must be exercised so as to 'secure the just, speedy and inexpensive determination of every action.'" *New England Carpenters Health and Welfare Fund v. Abbott Lab'ys*, No. 12 C 1662, 2013 WL 690613, at *2 (N.D. Ill. Feb 20, 2013); *see also* Fed. R. Civ. P. 1.

To determine whether a motion to stay discovery should be granted, courts often look to "(i) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (ii) whether a stay will simplify the issues in question and streamline the trial, and (iii) whether a stay will reduce the burden of litigation on the parties and on the court." *Pfizer Inc. v. Apotex Inc.*, 640 F. Supp. 2d 1006, 1007 (N.D. Ill. 2009) (citing *Tap Pharmaceutical Prods., Inc. v. Atrix Laboratories, Inc.*, 2004 WL 422697, at *1 (N.D. Ill. Mar. 3, 2004)). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken v. Holder*, 556 U.S. 418, 433-34, 129 S. Ct. 1749, 1761 (2009).

## IV. ARGUMENT

### A. Defendants Have Not Shown Good Cause to Stay Discovery.

#### 1. PDD's Motion to Dismiss for Lack of Personal Jurisdiction Does Not Automatically Stay Discovery.

Defendant PDD is not entitled to a stay of discovery merely because it filed its Motion to Dismiss ("MTD"). *Witz v. Great Lakes Educ. Loan Servs., Inc.*, No. 19-CV-06715, 2020 WL 8254382, at *2 (N.D. Ill. July 30, 2020) (holding that "the mere filing of a motion to dismiss does not ordinarily entitle a defendant to a stay of discovery) (citing *SK Hand Tool Corp. v. Dresser*

*Indus., Inc.*, 852 F.2d 936, 945, n.11 (7th Cir. 1988) ("[d]iscovery need not cease during the pendency of a motion to dismiss")."[A] motion to stay discovery will not be granted every time a potentially dispositive issue is placed before the court." 2020 WL 8254382, at *2 (internal citation and quotation marks omitted). Courts in this district deny motions to stay discovery even when there is a "threshold issue," if there is otherwise good cause to allow discovery to proceed. *See, e.g., Hayes v. Bd. of Educ. for City of Chicago*, No. 21 C 1198, 2021 WL 8153761, at *1-2 (N.D. Ill. Dec. 22, 2021) (denying a motion to stay discovery pending the outcome of a motion to dismiss on qualified immunity grounds); Fed. R. Civ. P. 1.

Rather, "the party seeking to limit discovery has the burden of showing 'good cause' for such an order." *New England Carpenters*, 2013 WL 690613, at *3. "The good cause determination encompasses factors such as whether the stay will prejudice the non-movant; whether the stay will simplify the issues in the case; and whether the stay will reduce the burden of litigation for the parties or the court." *Harper*, 2020 WL 5230746, at *1 (citation omitted). "Where the Court finds that a stay of discovery is unlikely to significantly expedite the litigation and may actually slow it down, it will decline to enter the stay." *Id.* at *2 (citations omitted). Further, "[a]lthough stays on discovery are sometimes appropriate, this court disfavors them because they bring resolution of the dispute to a standstill." *New England Carpenters*, 2013 WL 690613, at *3 (citation omitted). Indeed, Courts are wary about "circumventing the procedures" of a motion to dismiss by deciding the "likelihood of success" of the motion to dismiss in ruling on a motion to stay discovery. *Stigall v. Walgreen Co.*, No. 20 CV 50288, 2021 WL 2453069 at *7 (N.D. Ill. June 16, 2021) (citing *Witz*, 2020 WL 8254382, at *1.

Here, Defendants have failed to show good cause for the requested stay. Defendants simply do not want to conduct discovery, as is apparent in its failure to engage in good faith. However,

Defendants' mere desire to avoid engaging in discovery is an insufficient basis to seek a stay of all discovery. Indeed, Defendants fail to cite a single case where the Court determined that the mere filing of a motion to dismiss on the basis of personal jurisdiction warranted a stay of all discovery. And importantly, PDD did not file its Motion immediately after filing its MTD. Rather, it waited nearly three months from the date it filed its MTD, and provided written objections and responses to Plaintiff's initial discovery requests, before it asserted the conclusory statements of prejudice in its Motion. Defendants' Motion should be denied on its face absent a showing of good cause.

**2. A Stay Would Not Simplify Issues Before this Court.**

Whaleco argues that it is entitled to a stay on discovery due to the pendency of its MSJ. However, courts should not engage in a "preliminary finding" of "likelihood of success" of a plaintiff's claim to decide whether discovery should be stayed. *Witz,* 2020 WL 8254382 at *5*; see also Scott v. Jeffreys,* 21 C 3334, 2021 WL 8545420, at *3 (N.D. Ill. Nov. 12, 2021). In *Witz*, this Court addressed the issue of whether a stay will simplify the issues in question and concluded that it would only consider this factor if a claim is either patently frivolous or filed to conduct a "fishing expedition." See *Witz*, 2020 WL 8254382 at *5. Here, Whaleco asks this Court to stay all discovery since it alleges that it will prevail on its MTD and MSJ. Asking the Court to make this type of preliminary finding is improper. Defendants cannot be allowed to circumvent the litigation process and prevent Plaintiff from investigatingherclaims.

Whaleco's MSJ raises two primary issues: (1) whether Whaleco engaged in direct copyright infringement; and (2) whether Whaleco is protected by the DMCA's safe harbor provision. In support, Whaleco attaches a handful of cherry-picked documents and the affidavits

of Zhu Ji and Jinhao Yu who purport to hold various roles at "Temu."[4] ECF No. 43-1, 43-2. Whaleco takes the position that Plaintiff and the Court should take these documents as true and blithely assert that "no additional discovery is necessary." *See* Motion at 11. However, the documents provided by Defendant Whaleco are simply various policies it has purported to implement on Temu. These documents are woefully insufficient to show Whaleco's compliance with the same. *In re Aimster Copyright Litig*., 252 F. Supp. 2d at 658 (holding that "17 U.S.C. § 512(i)(1)(A) states in part that the DMCA's liability limitations shall apply to a service provider only if the provider 'has adopted and reasonably implemented, and informs subscribers and account holders of the service provider's system or network of, a policy that provides for the termination in appropriate circumstances of subscribers and account holders of the service provider's system or network who are repeat infringers'"). This makes it clear that Defendants' Motion is brought for purposes of inhibiting Plaintiff's effort to conduct reasonable discovery.

First, Whaleco did not challenge the sufficiency of Plaintiff's Complaint. Whaleco has conceded that Plaintiff's Complaint states a claim but now asks the Court to make a premature judgement as to its merits without giving Plaintiff the benefit of conducting discovery. In *Witz,* this Court observed that a stay would not have prejudiced the plaintiff but nonetheless denied defendant's motion to stay because the claim was not so "utterly frivolous" that the court could make a preliminary assessment that the plaintiff's claim would be dismissed. *Witz*, 2020 WL 8254382, at *5. Here, Plaintiff has properly stated her claims and, pursuant to Fed. R. Civ. P. 56(d), is entitled to further discovery on issues raised by Whaleco's MSJ.

[4] Importantly, the affidavits of Zhu Ji and Jinhao Yu fail to specify which entity employs them. By failing to clearly articulate that they are employees of Whaleco, the logical presumption is that they are in fact employed by PDD. This would be fatal to PDD's MTD and is a crucial issue of fact on which Plaintiff is entitled to conduct discovery.

Second, Whaleco makes the unsupported statement that "[t]he purpose of DMCA safe harbors would be eviscerated if Defendants were required to participate in extensive discovery despite following the statutory procedures for takedowns of third-party content." *See* Motion at 11. Tellingly, Defendants fail to cite a single case in support of this contention. In fact, this Court has explicitly held that, DMCA "immunity ***is not presumptive***, but granted only to 'innocent' service providers who can show that they do not have a defined level of knowledge regarding the infringement on their system." *In re Aimster Copyright Litig.*, 252 F. Supp. 2d 634, 656–57 (N.D. Ill. 2002), aff'd, 334 F.3d 643 (7th Cir. 2003) (emphasis added) (*citing ALS Scan, Inc. v. RemarQ Communities, Inc.*, 239 F.3d 619, 625 (4th Cir.2001) (internal citations omitted). Defendants cannot simply state that they are an online service provider as a way of shutting down all litigation. Rather, Defendant has to prove that it is an innocent service provider. Making such a finding is premature without additional discovery, which Defendants are attempting to block through its Motion. Thus, Defendants' Motion should be denied, and Plaintiff should be allowed to conduct additional discovery.

**B. Defendants' Proposed Stay Will Increase the Burden of Litigation.**

Defendants have taken the position that it may selectively produce documents and provide affidavits without allowing Plaintiff an opportunity to evaluate the veracity of the assertions made in those affidavits or receive the full universe of relevant documents. It is patently unfair to force Plaintiff to respond to the MSJ without conducting additional discovery, including interrogatories, requests for production, and depositions of the declarants and parties.[5] *See* Fed. R. Civ. P. 56(d).

[5] Defendants make the disingenuous argument that Plaintiff's additional discovery requests are an "attempt to manufacture discovery issues." Motion at 11. It is impossible to manufacture discovery issues when the Parties have barely begun discovery. Despite Plaintiff's best efforts to obtain the discovery it needs, Defendants have stonewalled. The cutoff to complete discovery is March 29, 2024 (Whaleco filed its Motion for Summary Judgment nearly four months prior, on December 4, 2023). To date, the parties have exchanged discovery, consisting of initial disclosures and responses to written discovery. The parties have

Yet now, Defendants argue that the discovery propounded by Plaintiff is overbroad. Simply asserting that discovery may be burdensome is not enough to prove that a motion for a stay is necessary. *See Stigall*, 2021 WL 2453069, at *8; *U.S. ex rel. Robinson v. Indiana Univ. Health Inc.,* 1:13-CV-02009-TWP, 2015 WL 3961221, at *7 (S.D. Ind. June 30, 2015). As this Court has stated, "[w]hile the Court is sympathetic to concerns related to the time and expense associated with responding to discovery requests . . . a blanket stay of discovery is not an appropriate way to address those concerns." *Witz*, 2020 WL 8254382 at *5 (N.D. Ill. July 30, 2020). Defendants must do more than assert that discovery is overbroad. *See Martin v. Bureau of Collection Recovery*, No. 10 C 7725, 2011 WL 2311869, *11-12 (N.D. Ill. June 13, 2011) ("BCR must do more than say that this discovery is overly burdensome, it must support this argument with specific evidence as to the nature of the burden."), *citing Tequila Centinela, S.A. de C.V. v. Bacardi & Co., Ltd.*, 242 F.R.D. 1, 10 (D.D.C. 2007) ("the Court only entertains an unduly burdensome objection when the responding party demonstrates how the document is 'overly broad, burdensome, or oppressive, by submitting affidavits or offering evidence which reveals the nature of the burden.'"). Here, Plaintiff does nothing more than complain of Plaintiff's efforts to investigate the purported undisputed facts Defendant Whaleco brought forth in its MSJ.

As a preliminary matter, the Parties have not conferred regarding any discovery objections. Indeed, Defendants filed this Motion and indicated that discussions regarding the discovery sought by Plaintiff should be paused, in light of Defendants' request for a stay. ECF No. 60-1, Exhibit A, Austermuehle Decl., ¶ 10(c). To the extent Defendants take issue with the scope or burden of

---

no engaged documents or conducted depositions. The parties have not even had the opportunity to meaningfully meet and confer regarding deficiencies in Defendants' responses to Plaintiff's written discovery, as Defendants have filed a motion to stay all discovery and effectively refused to engage in discovery while that motion is pending. Absent an opportunity investigate and confer, it is premature to assert that the parties have discovery issues.

certain requests, Defendants have an obligation to confer with Plaintiff pursuant to Local Rule 37.2 to resolve these objections. Regardless, Plaintiff's discovery issued pursuant to Fed. R. Civ. P. 56(d) is proper and necessary to respond to the MSJ.

First, Defendants complain that Plaintiff seeks commercially sensitive information regarding Temu's business practices. Defendants ignore that the Parties have agreed to, and this Court entered, a protective order for this very reason. [ECF No. 38]. Defendants may designate commercially sensitive information in order to prevent disclosure to third-parties.[6] Specifically, Defendants complain of Plaintiff's request that it provide "[a]ll documents relating to the 'marketplace services' that Temu provides sellers on its platform, including any manufacturing, production, sourcing, logistics, shipping, or fulfillment services Temu provides such sellers." Motion at 12. Defendant WhaleCo has asserted "[o]nce a seller's listing goes 'live,' the seller may send products to be temporarily stored in Temu affiliate Shanghai Yucan Information Technology Co., Ltd.'s ('Yucan') fulfillment warehouses before they are shipped to consumers via third-party delivery providers such as DHL and FedEx." Whaleco's Statement of Undisputed Facts [ECF No. 43], ¶ 13. In other words, Whaleco admits that it takes possession of and distributes potentially infringing products. Further, Whaleco could still be in possession of infringing products which have not yet been sold or shipped to consumers. This is clearly relevant to the question of Defendants' participation in the sale and distribution of infringing products. Defendants' attempts to evade discovery on this issue are telling.

Second, Defendants argue that Plaintiff has requested "documents that have already been produced." Motion at 13. Defendants have not produced a single document. *See* ECF No. 60-1,

[6] Defendants' speculation that Plaintiff's discovery is an attempt to provide commercially sensitive information to Shein is utterly baseless. Shein is not a party to this lawsuit or to the protective order. Defendants have no basis to claim that Plaintiff will violate the protective order. This argument is not only speculative and insulting, but an insufficient basis to refuse to engage in discovery.

Exhibit A, Austermuehle Decl., ¶ 9. Defendants have only provided Plaintiff with the handful of cherry-picked documents and declarations attached to Whaleco's MSJ. Defendants take the unbelievable position that these documents respond to Plaintiff's discovery requests and satisfy their obligations pursuant to Fed. R. Civ. P. 34. Motion at 13. However, these documents represent only a fraction of Plaintiff's "outstanding requests." *Id.* Plaintiff is not required to take Defendants' words as true without any further discovery. To the extent Defendants claim they have no responsive documents, Plaintiff is entitled to seek information about Defendants' search process.

Third, Defendants state that Plaintiff's deposition notices to the Defendants are merely an attempt to show that extensive discovery is needed.[7] Motion at 14. Yet, Defendant has not raised a simple issue in its MSJ. The question of whether Defendant is an innocent online service provider is complex and fact intensive. *Grayson v. O'Neill,* 308 F.3d 808, 815 (7th Cir. 2002) ("Summary judgment should not be entered until the party opposing the motion has had a fair opportunity to conduct such discovery as may be necessary to meet the factual basis for the motion.") (internal quotations omitted). In order to respond to Whaleco's Motion for Summary Judgment, Plaintiff requires additional discovery regarding Whaleco's: (1) involvement in the creation of the Infringing Product listings; (2) vetting process before sellers can sell infringing products; (3) promotion and advertisement of the Infringing Products; (4) role in the manufacturing, shipping, and fulfillment services related to the Infringing Products; (5) financial benefit due to infringing activity; and, (6) general knowledge of the infringing activity on its platform. *See* ECF No. 60,

[7] Defendants mislead the Court by implying that Plaintiff intends to conduct twenty different depositions. Rather, Plaintiff seeks to minimize the burden on Defendants by conducting the depositions for each of the five related matters at the same time. In other words, Plaintiff has proposed that four depositions in total be conducted across all five related matters (*i.e.*, one deposition of PDD, one deposition of Whaleco, one deposition of Zhu Ji, and one deposition of Jinhao Yu).

Motion to Take Discovery Necessary to Respond to Defendant Whaleco's Motion for Summary Judgment. These issues are complex and require detailed discovery to investigate.

Fourth, Defendants show their unwillingness to engage in litigation by complaining about Plaintiff's efforts to confer regarding discovery disputes pursuant to LR 37.2. Indeed, Defendant stated that it would respond to the deficiencies, yet its own correspondence is summed up by its assertion that, "[a]s Whaleco summarized with exemplary citations in its Motions to Stay, Whaleco produced all evidence needed to evaluate Whaleco's Motions for Summary Judgment." Defendants' letter regarding discovery disputes, *See* ECF No. 60-1, Exhibit A, Austermuehle Decl., ¶ 10(c). In other words, Defendants do not intend to participate in any efforts to resolve disputes or conduct any discovery while their motion to stay is pending. Defendants attempt to justify their nonparticipation by stating that they do not have certain documents related to the creation or sale of the infringing product listings in their possession due to their role as a service provider. Yet, in its own MSJ, Whaleco admits that "Temu's platform provides sellers with optional, basic image editing functions, which the sellers may use to modify any images they select and upload." Whaleco's Statement of Undisputed Facts [ECF No. 43], ¶ 11. Surely, there must be at least one document in Whaleco's possession regarding this assertion of fact that it could produce. Further, Whaleco discloses that "Temu conducts a cursory pre-listing screening of product information that comports with accepted industry standards for operating a safe and legally compliant marketplace." Whaleco's Statement of Undisputed Facts [ECF No. 43], ¶ 16. Again, there would conceivably be some documents that relate to Temu's pre-listing screening process that should be disclosed to Plaintiff. This assertion highlights Defendants' improper motive to stay discovery, and this Motion should be denied.

**C. Defendant's Proposed Stay Will Prejudice Plaintiff.**

Defendants improperly attempt to shift the burden to Plaintiff to show prejudice due to a stay on discovery. Rather, "the suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else." *Landis v. N. Am. Co.*, 299 U.S. 248, 255, 57 S. Ct. 163, 166 (1936). Defendants have failed to meet this burden.

Further, Plaintiff would in fact be prejudiced by a stay. At the very least, a stay of discovery prevents Plaintiff from obtaining discovery needed to respond to Whaleco's MSJ. *See* Motion to Take Discovery Necessary to Respond to Defendant Whaleco's Motion for Summary Judgment [ECF No. 60]. The Seventh Circuit has held that courts should also take into account whether staying discovery would inhibit "the truthseeking function" in the case. *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002) (citing *Rowlin v. Alabama,* 200 F.R.D. 459, 461 (M.D. Ala. 2001)). Here, Defendants' request for a stay would prohibit Plaintiff from testing the veracity of Whaleco's arguments, claims, and purportedly "undisputed" facts. This is prejudicial, and an improper use of a motion for summary judgment.

Moreover, staying discovery would allow evidence to be altered or destroyed. As raised in Plaintiff's Opposition to PDD's Motion to Dismiss, in January 2023, "Temu's website (a registered domain name of PDD), stated that PDD founded Temu and that Temu leverages PDD's 'vast and deep network of merchants, logistic partners, and its established ecosystem . . . to offer a wide range of affordable quality products to [Temu's] customers.'" ECF No. 35 at 8. These references to Temu on PDD's website have since been removed, potentially as part of an effort to conceal Temu's ties with PDD. *Id.* at Fn. 2. Staying discovery only allows Defendants additional time to alter information and conceal properly discoverable information. Thus, granting this motion to stay is prejudicial to Plaintiff and should be denied.

### D. Defendant's Proposed Stay Will Slow Down Litigation.

Plaintiff's claims all relate to the same factual issues, so discovery relating to one claim would necessarily relate to all others. Staying discovery in anticipation that some of the counts or either Defendant in the Complaint may be dismissed would only slow down discovery and result in inefficiencies. "Where the court finds that its interference in the discovery process is unlikely to significantly expedite the litigation, and may actually slow it down, it will decline to interfere." *Builders Ass'n of Greater Chi.*, 170 F.R.D. at 437 (citing *Cohn v. Taco Bell Corporation*, 147 F.R.D. 154, 161-162 (N.D.Ill. 1993)).

Here, Defendants have created the situation that they complain about. First, Defendants have refused to engage in any discovery involving PDD. ECF No. 60-1, Exhibit A, Austermuehle Decl., ¶ 10(c). This has obstructed efforts by Plaintiff to investigate PDD's role and involvement with the Temu platform. PDD's refusal to engage has created inefficiencies which will prevent this litigation from resolving. Second, Whaleco complains that Plaintiff is creating inefficiencies by issuing a deposition notice related to Defendant's MSJ while reserving its right to conduct a deposition later in discovery. Motion at FN. 5. If Whaleco had not file its premature MSJ, Plaintiff would not be forced to conduct phased depositions and discovery related to the MSJ. If Whaleco does not want to engage in phased discovery, it should agree to withdraw its MSJ until the parties have completed discovery in its entirety. Instead, Whaleco filed this Motion, seeking to shut down all discovery. Staying discovery in this case has a greater potential to slow the case down than expedite it and the Court should deny the motion.

## V. CONCLUSION

For all the reasons set forth above, the Court should deny the Motion.

Dated: January 5, 2024 Respectfully Submitted,

*/s/ Elizabeth Austermuehle*
Elizabeth Austermuehle
Vivek Jayaram
Palak Patel
JAYARAM LAW
54 W. 21st Street, Suite 801
New York, NY 10010
T: (312) 212-8676
liz@jayaramlaw.com
vivek@jayaramlaw.com
palak@jayaramlaw.com

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICES**

I hereby certify that on January 5, 2024, a true and correct copy of the foregoing document was filed electronically with the Clerk of the Court using the Court's CM/ECF filing system, which provides service to all counsel of record.

*/s/ Elizabeth Austermuehle*
Elizabeth Austermuehle